# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TE'VON SAVAGE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 19-1579-LPS |
| | : |
| SUSSEX CORRECTIONAL INSTITUTION, et al., | : |
| | : |
| Defendants. | : |

Te'von Savage, Sussex Correctional Institution, Georgetown, Delaware.  Pro Se Plaintiff.

# MEMORANDUM OPINION

May 20, 2020
Wilmington, Delaware



**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Plaintiff Te'von Savage ("Plaintiff"), an inmate at Sussex Correctional Institution ("SCI") in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II.    BACKGROUND

Plaintiff alleges that on June 8, 2019, he slipped and fell on a wet floor at the SCI. (D.I. 1 at 5) Plaintiff alleges that there no "wet floor" sign. (*Id.*) Plaintiff alleges that after he fell, he lay on the floor for a moment and that Defendants Lt. Bradley ("Bradley"), Cpl. Steele ("Steele"), and C/O Clenton ("Clenton") could see that Plaintiff was in "significant physical distress." (*Id.*) When Plaintiff asked Steele to summon medical, Steele refused because Plaintiff was not bleeding, and he told Plaintiff to fill out a sick call slip. (*Id.* at 6)

Beginning June 8, 2019, Plaintiff submitted several sick call slips and was finally seen by medical on June 15, 2019. (*Id.*) An x-ray was ordered, which was taken at the end of June. (*Id.*) Plaintiff has received no other treatment. (*Id.*) Plaintiff alleges that he still suffers from the accident. (*Id.* at 7)

Plaintiff seeks compensatory damages.

## III.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted).  In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV.   **DISCUSSION**

The SCI is a named defendant.  SCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware.  The Eleventh Amendment protects states and their

3

agencies and departments from suit in federal court regardless of the kind of relief sought. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks v. McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. Jan. 11, 2007). In addition, dismissal is proper because the SCI is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. Aug. 1, 2008).

Accordingly, the Court will dismiss the SCI and the claims against it pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2), as it is immune from suit.

Liberally construing the Complaint, as the Court must, Plaintiff appears to have alleged cognizable and non-frivolous claims against Defendants Bradley, Steele, and Clenton.

## V.     CONCLUSION

For the above reasons, the Court will dismiss the claims against the SCI as it is immune from suit pursuant 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), and allow Plaintiff to proceed with his claims against Bradley, Steele, and Clenton. An appropriate Order will be entered.