IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TE'VON SAVAGE,

        Plaintiff,

v.                                     C.A. No. 19-1579-LPS

LT. BRADLEY, CPL. STEELE, and
C/O CLENTON,

        Defendants.

---

Christofer Curtis Johnson, THE JOHNSON FIRM LLC, Wilmington, DE

    Attorney for Plaintiff

Kenneth Lee-Kay Wan, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE

    Attorney for Defendants

---

**MEMORANDUM OPINION**

September 30, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

Pending before the Court is Defendants Lt. Bradley, Cpl. Steele, and C/O Clenton's ("Defendants") motion to dismiss Plaintiff Te'von Savage's ("Plaintiff") complaint (D.I. 1), filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 11) The Court has reviewed the complaint and the parties' briefs. (*See, e.g.*, D.I. 12, 19, 22) For the reasons set forth below, the Court will grant Defendants' motion.

**I.   BACKGROUND**

Plaintiff is an inmate housed at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware.[1] On August 26, 2019, he filed a complaint against SCI and Defendants, who work as correctional officers at SCI, asserting claims under 42 U.S.C. § 1983 based on alleged violation of his Eighth Amendment rights. (*See generally* D.I. 1) Plaintiff seeks $500,000 in compensatory damages. (*See id.* at 8)

On May 20, 2020, the Court dismissed SCI from the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) and allowed Plaintiff to proceed against Defendants. (*See* D.I. 8 at 4)

According to Plaintiff, on June 8, 2019 he slipped and fell on a puddle of water in a pretrial housing unit of SCI. (D.I. 1 at 5) Plaintiff was not given notice of the water and there was no "wet floor" sign. (*Id.*) After the slip and fall, Plaintiff was lying on the floor "for a moment," "in significant physical distress," before he was offered a hand by a fellow inmate. (*Id.*) Defendants observed his fall but did not summon medical staff. (*Id.*) Feeling "significant amount of pain going on," Plaintiff then asked Cpl. Steele to summon medical staff. (*Id.* at 5-6)

---

[1] Plaintiff was a *pro se* litigant and was granted leave to proceed *in forma pauperis*. (*See* D.I. 6) He is now represented by counsel, who entered an appearance on June 15, 2021. (*See* D.I. 18)

1

Cpl. Steele told Plaintiff that he would need to fill out a sick call and that "[you are] not bleeding so [they are] not going to see you." (*Id.* at 6)

Plaintiff submitted sick calls on June 8 and 9, 2019, and then filed a medical grievance on June 12, 2019. (*Id.*) On June 15, 2019, Plaintiff was seen by medical staff, who recommended an X-ray examination, which Plaintiff received on "June 31, 2019."[2] (*Id.*) Plaintiff was advised by medical staff that the X-ray would only reveal broken bones but would not determine other potential causes for the symptoms about which Plaintiff was complaining. (*Id.*) Plaintiff received no further medical treatment. (*Id.*)

Plaintiff alleges that Defendants recklessly disregarded "a substantial risk to [Plaintiff's] health" by failing to warn Plaintiff about a wet floor and providing Plaintiff with inadequate medical treatment. (*Id.* at 6-7)

On October 19, 2020, Defendants filed the pending motion to dismiss. (D.I. 11)

## II.  LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff,

---

[2] Given the fact that "June 31, 2019" is not a date on the calendar, it is not clear precisely when Plaintiff was given the X-ray examination.

2

plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

### III.   DISCUSSION

#### A.   Slip And Fall

Plaintiff alleges that Defendants failed to warn him about a wet floor and, as a result, he slipped, fell, and was injured. (*See* D.I. 1 at 5) Prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth

3

Amendment when the prison official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." *Id.* at 834. Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *See id.* at 847. However, a prison official's mere negligence in and of itself does not violate prisoners' constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

Here, Plaintiff's claim is nothing more than negligence. Although a wet floor can be a potentially hazardous condition and may pose a substantial risk, Plaintiff's allegations that Defendants failed to warn him about the wet floor do not reflect the deliberate indifference required to state a claim under the Eighth Amendment. *See Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (finding that slip and fall claim amounts merely to negligence); *see also Brown v. Corr. Officer Baxter*, 2014 WL 7014375, at *3 (D. Del. Dec. 9, 2014) (dismissing Section 1983 claim based on slip and fall); *Cannon v. Melvin*, 2014 WL 1247339, at *2 (D. Del. Mar. 25, 2014) (same); *Triplett v. Amar*, 2013 WL 3957509, at *1 (D. Del. July 29, 2013) (same); *Parkell v. Danberg*, 2010 WL 3034697, at *2-3 (D. Del. Aug. 2, 2010) (same). Hence, the Court will dismiss Plaintiff's claim based on slip and fall.

### B.  Medical Care

Plaintiff alleges that (1) Defendants observed his fall but failed to summon medical staff; (2) after Plaintiff's request, Cpl. Steele failed to summon medical staff and instead asked him to fill out a sick call; (3) Plaintiff was only seen by medical staff a week later, after filing two sick

4

calls and a medical grievance; and (4) Plaintiff received no further treatment after he was told that X-ray would not be able to determine the potential causes for the symptoms he was complaining about. (*See* D.I. 1 at 5-7)

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to provide basic medical treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103, (1976). In order to set forth a cognizable Eighth Amendment claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Plaintiff has plausibly alleged that there was a "serious medical need." "A medical need is considered 'serious' when it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Mitchell v. Gershen*, 466 F. App'x 84, 86 (3d Cir. 2011) (quoting *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)). For purposes of this motion, accepting as true Plaintiff's allegations that he was in "significant physical distress" and suffered a "significant amount of pain," the Court finds it is plausible there was a "serious medical need." (*See* D.I. 1 at 5-6)

However, the complaint fails to plausibly allege that Defendants were "deliberately indifferent" to Plaintiff's serious medical need. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *See Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Id.* A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

5

Plaintiff alleges Defendants observed he was in "significant physical distress" after his slip and fall. (*See* D.I. 1 at 5) However, he also alleges he was laying on the floor only "for a moment," without bleeding, and was then "offered a hand by a fellow inmate." (*Id.* at 5-6) There is no allegation that Defendants were aware of any continued physical distress after Plaintiff was helped.

While Plaintiff also alleges that Cpl. Steele refused to summon medical staff at his request but instead asked him to fill out a sick call, he does not allege that he disclosed the "significant amount of pain" he was suffering from or that Cpl. Steele was otherwise aware of the seriousness of his injury. (*See id.*) On these allegations, no plausible inference can be drawn that Defendants either knew or had reason to know that there was a serious medical need warranting immediate medical attention.

With respect to the one-week delay of medical care after Plaintiff submitted a sick call at Cpl. Steele's direction on June 8, 2019, the complaint does not allege that Defendants knew that there was a delay of medical care or played any role in the sick call process. Thus, there is no plausible allegation that the delay was a result of Defendants' deliberate indifference.[3]

With respect to the alleged inadequate medical treatment following the X-ray examination, Plaintiff fails to allege that Defendants "were personally involved with or had knowledge of [Plaintiff's] medical care." *Davis v. Superintendent Somerset SCI*, 597 F. App'x

---

[3] Plaintiff appears to contend that Defendants may be liable as supervisory "direct participants" even if they did not commit the acts personally. (*See* D.I. 19 at 4) In the Third Circuit, a supervisory liability can be established if the supervisor "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. v. Luzerne Cty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Here, there is no indication that Defendants were under any obligations to exercise supervisory authority to mandate when and how medical staff should treat a prisoner's medical concerns. (*See* D.I. 22 at 4)

6

42, 45 (3d Cir. 2015); *see also Spruill*, 372 F.3d at 236 (finding that non-medical prison official not liable when prisoner is under care of medical experts).

In sum, no allegations in the complaint plausibly suggest that Defendants acted with "deliberate indifference" to a serious medical need. Hence, the Court will also dismiss Plaintiff's claim based on his medical needs.

However, as the Court cannot conclude that amendment would be futile, Plaintiff will be given an opportunity to amend the medical needs claim against Defendants and/or alternative defendants. He is not granted leave to replead the slip and fall count.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss. (D.I. 11) Plaintiff will be given leave to amend his medical needs claim. An appropriate order follows.